# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvanians for Union Reform,   :
                    Petitioner   :
                                :
          v.                     :    No. 1623 C.D. 2015
                                :    Submitted: April 15, 2016
Centre County District Attorney's   :
Office,                                   :
                  Respondent   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**                  **FILED: June 1, 2016**

Pennsylvanians for Union Reform (PFUR) petitions for review from the final determination issued by an appeals officer for the Centre County (County) District Attorney's Office (DA Office) that denied access to records requested pursuant to the Right-to-Know Law (RTKL).[1] PFUR argues the records are public financial records. Concluding we lack jurisdiction, we transfer the matter to the proper tribunal.

## I. Background

PFUR submitted a request to the DA Office for records showing government-issued cellular telephone usage of certain individuals (Phone Record), and for the name and salary of its appeals officer designated under Section 503(b) of the RTKL, 65 P.S. §67.503(b) (relating to judicial agencies) (Request).

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

Specifically, as to the Phone Records, Requester sought itemized details of time and length of calls between all current and former members of the DA Office, and members of the judiciary on their government-issued cell phones.[2] At this first stage of the process, the open records officer for the DA Office denied the Request as to Phone Records, and granted access to the appeals officer information. In support of denial, the open records officer asserted the DA Office is a judicial agency that is only required to disclose financial records. The open records officer stated: "[Section 102 of the RTKL,] 65 P.S. §67.102 defines what constitutes 'judicial records.' Of the records you have requested, none exist that fall within that definition." Reproduced Record (R.R.) at 31a. The open records officer directed PFUR to appeal to the appeals officer for the DA Office.[3] PFUR appealed as instructed.

At this second stage of the RTKL process, in the final determination, the appeals officer concluded the requested records were exempt under a court order issued in a then-pending appeal.[4] The appeals officer cited no authority to

---

[2] The Request named Judge Bradley P. Lunsford and Judge Jonathan D. Grine of the Centre County Court of Common Pleas and Magisterial District Judge Kelley Gillette-Walker. The Phone Records here are similar to those underlying the preliminary injunction orders issued by the Centre County Court of Common Pleas that we addressed on appeal. See Grine v. Cnty. of Centre, __ A.3d __, (Pa. Cmwlth., Nos. 854 and 855 C.D. 2015, filed April 13, 2016) (en banc), 2016 WL 1458181 (holding records documenting activity of more than one agency, dual-agency records, must be directed to judicial agency for response); Miller v. Cnty. of Centre, __ A.3d __, (Pa. Cmwlth., Nos. 856 and 857 C.D. 2015, filed March 15, 2016) (en banc), 2016 WL 981393 (holding district attorney office is not a judicial agency).

[3] Section 503(d) of the RTKL (relating to law enforcement records) provides for appeals officers, designated by district attorneys, "to hear appeals … relating to access to criminal investigative records in possession of a local agency of that county. The appeals officer shall determine if the record requested is a criminal investigative record." 65 P.S. §67.503(d) (emphasis added).

[4] We analyzed the applicability of the court order to the Phone Records in Grine and Miller.

support the assertion that the Phone Records constituted "judicial records," a term not defined in the RTKL. Notably, the final determination did not include any appeal instructions.

As to the third stage of the process, PFUR filed a petition for review of the final determination to this Court.[5] The DA Office filed multiple applications to stay this matter until our disposition of the then-pending appeal in Miller v. County of Centre, see n.2, in which the DA Office also claimed judicial agency status. Asserting the matter implicated the County's handling of RTKL requests, and involved similar facts to other actions in which it was a party,[6] the County petitioned to intervene. We granted the County's petition to intervene; however, we declined to stay the matter.

## II. Discussion

At the outset, we address the threshold question of whether this Court has jurisdiction to hear this appeal. "The issue of subject matter jurisdiction may be raised by the parties at any stage of the proceedings or by the court *sua sponte*." Greenberger v. Pa. Ins. Dep't, 39 A.3d 625, 629–30 n.5 (Pa. Cmwlth. 2012); see also Mastrocola v. Se. Pa. Transp. Auth., 941 A.2d 81 (Pa. Cmwlth. 2008). Nor

---

[5] Under Chapter 13 of the RTKL (relating to judicial review) final determinations relating to decisions of judicial agencies are appealed to the Commonwealth Court, whereas determinations of local agencies are appealed to the court of common pleas of the county where the local agency is situated. Sections 1301 and 1302 of the RTKL, 65 P.S. §§67.1301-67.1302.

[6] In addition to the consolidated appeals of the orders in Grine and Miller, the County filed a declaratory judgment action, Centre County v. Office of Open Records, Dkt. No. 408 M.D. 2015, relating to requests submitted to the *County* for agency-issued cell phone usage records.

may the parties confer subject matter jurisdiction on a court or tribunal by agreement or stipulation. Blackwell v. State Ethics Comm'n, 567 A.2d 630 (Pa. 1989).

PFUR appeals from a final determination issued pursuant to the RTKL; therefore, our jurisdiction is conferred by statute. See Section 1301(a) of the RTKL, 65 P.S. §67.1301(a). Pursuant to Section 1301(a) of the RTKL, this Court hears appeals of final determinations issued by Commonwealth agencies, legislative agencies, and judicial agencies. Id. This Court does not hear appeals of final determinations issued by local agencies until after those appeals are heard by the proper court of common pleas. Section 1302(a) of RTKL, 65 P.S. §67.1302(a).

The DA Office contends our jurisdiction is proper based on its status as a judicial agency. However, as we recently held in Miller, the DA Office is not a judicial agency. Rather, the DA Office is a local agency. Appeals from final determinations issued by an appeals officer designated by a district attorney are reviewed by the county courts of common pleas. See Barros v. Martin, 92 A.3d 1243 (Pa. Cmwlth. 2014). Because the DA Office is not a judicial agency, the instant appeal was not properly filed in this Court.

Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a), governs the process for handling improperly filed appeals. In pertinent part, it provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the

4

transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth ….

Id. (emphasis added); see also Pa. R.A.P. 751. Accordingly, it is incumbent upon this Court transfer this appeal to the proper tribunal.

Examination of the RTKL appeals process reveals where proper jurisdiction lies. Beginning with the second stage of the process, the appeals officer stage, the appeals track may vary. After an agency initially responds to a request, a requester may appeal a denial of access to the appropriate appeals officer under Section 503 of the RTKL, 65 P.S. §67.503. Generally, the Office of Open Records (OOR) appoints the appeals officer who hears denials of access from local agencies. Section 503(a) of the RTKL, 65 P.S. §67.503(a).

However, the RTKL recognizes criminal investigative records present a special case necessitating review by an appeals officer designated by a district attorney to determine access disputes. Miller, __ A.3d at __, slip op. at 12 (citing Section 503(d)(2) of the RTKL, 65 P.S. §67.503(d)(2)). The DA-designated appeals officer is only authorized to hear appeals "relating to access to criminal investigative records …." Id. Significantly, the DA-designated appeals officer "shall determine if the record requested is a criminal investigative record." Id. As a result of this threshold determination, the following substantive review will be conducted by either OOR (in the case of records other than criminal investigative records) or by the DA-designated appeals officer (in the case of criminal investigative records).

5

PFUR filed its appeal of the initial denial to the appeals officer designated by the DA. However, the reason the open records officer directed PFUR to appeal to the DA-designated appeals officer is unclear when the Phone Records are not facially criminal investigative records. Notably, the DA Office's appeals officer did not address the criminal investigative nature of the Phone Records despite the statutory mandate. Thus, the appeal may not have been reviewed by the proper initial fact-finder. Cf. Faulk v. Phila. Clerk of Courts, 116 A.3d 1183, 1187 (Pa. Cmwlth. 2015) ("this Court … respects the fact-finding capabilities of appeals officers who are familiar with the types of records requested within their realm of expertise.").

In considering the proper tribunal for transfer, we recognize the record contains limited information regarding the content of the Phone Records. Based on the language of the Request and that no content is requested, there may have been no need for the DA-designated appeals officer, as opposed to an OOR appeals officer, to complete substantive review. Nonetheless, resolution of this issue does not alter the proper tribunal for transfer.

Final determinations involving local agency records, whether issued by OOR or by a DA-designated appeals officer, are both appealed to the court of common pleas of the County. Section 1302(a) of the RTKL, 65 P.S. §67.1302(a). Therefore, we transfer this appeal to the Centre County Court of Common Pleas.[7]

---

[7] The court of common pleas may consider remanding the matter to the DA-designated appeals officer for a threshold determination regarding the criminal investigative status of the Phone Records so that any potential missteps at the appeals officer stage are not compounded on subsequent judicial review. Moreover, to the extent the Phone Records document activities of a **(Footnote continued on next page…)**

6

### III. Conclusion

Holding this appeal is not within our jurisdiction, we transfer the matter to the Centre County Court of Common Pleas for appropriate disposition. The stay of disclosure under Section 1301(b) of the RTKL, 65 P.S. §67.1301(b), shall remain in effect under the corresponding provision for local agencies in Section 1302(b) of the RTKL, 65 P.S. §67.1302(b).

_____
ROBERT SIMPSON, Judge

Judge Cohn Jubelirer did not participate in the decision in this case.

_____

**(continued…)**

judicial agency, i.e., show judges' cell phone usage, the DA's Office lacks authority to disclose them. Requests for records documenting activities of a judicial agency, including personnel of the unified judicial system, must be directed to the open records officer of the judicial agency. Grine.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvanians for Union Reform,      :
                     Petitioner      :
                                 :
         v.                      :      No. 1623 C.D. 2015
                                 :
Centre County District Attorney's      :
Office,                                :
                     Respondent      :

## O R D E R

**AND NOW**, this 1st day of June, 2016, pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a), the matter is **TRANSFERRED** to the Court of Common Pleas of Centre County for disposition in accordance with Section 1302(a) of the Right-to-Know Law, 65 P.S. §67.1302(a).

The Chief Clerk shall certify to the Prothonotary of the court to which this action is transferred a photocopy of the docket entries of the above appeal, and transmit the record on appeal.

Jurisdiction is relinquished.

                            _____

                            ROBERT SIMPSON, Judge