IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David D. Richardson, : 
              Petitioner : 
               : 
           v. :   No. 1584 C.D. 2016
               :   Submitted: March 31, 2017
PrimeCare Medical, Inc., : 
            Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                   FILED: June 8, 2017

David Richardson, *pro se*, petitions for review of a final determination of the Pennsylvania Office of Open Records (OOR) denying his request for access to records pursuant to the Right-to-Know Law.[1] Richardson argues that OOR erred in holding that the custodian of the records, PrimeCare Medical, Inc. (PrimeCare), is not an agency subject to the Right-to-Know Law. Concluding that we lack jurisdiction, we transfer the matter to the proper tribunal.

Richardson is currently incarcerated at the Chester County Prison. In August 2016, he had an eye examination with PrimeCare, which has contracted with the County to provide medical services to inmates. Richardson was told that he needed eyeglasses. On August 15, 2016, Richardson submitted a request to PrimeCare for a copy of its "written policy regarding providing eyeglasses to inmates, including, but not limited to, expenses thereof and exceptions made for

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

indigent inmates." Certified Record, Item No. 1, at 2. The request was addressed to 501 S. Wawaset Road, West Chester, Pennsylvania, 19382, where the County Prison is located. Richardson did not receive a response; accordingly, on August 26, 2016, he filed an appeal with OOR. On August 31, 2016, OOR dismissed his appeal, finding that "[PrimeCare] is not an 'agency' subject to the [Right-to-Know Law]." Certified Record, Item No. 2.

Richardson filed a petition for this Court's review of OOR's final determination, arguing that OOR erred in dismissing his appeal. He argues that "where [the] County contracts its medical service responsibilities to inmates out to [PrimeCare], [Section 506(d)(1) of the Right-to-Know Law], 65 P.S. §67.506(d)(1)[2] clearly puts [PrimeCare] in the same position as an 'agency.'" Petitioner Brief at 4. In response, PrimeCare filed a notice of nonparticipation, claiming that it is a private company providing health care services at the County Prison, and its policies and procedures are "confidential proprietary information and common law protected trade secrets … [which are] exempt from disclosure pursuant to the [Right-to-Know Law]." Notice of Nonparticipation at 2. Nevertheless, PrimeCare states that it "is not opposed to providing [Richardson] with a copy of the policy in question" and has so informed Richardson. *Id.* Therefore, PrimeCare argues, this appeal should be dismissed as moot.

---

[2] Section 506(d)(1) of the Right-to-Know Law provides:

> A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

65 P.S. §67.506(d)(1).

By order dated February 22, 2017, this Court directed Richardson to show cause as to why this matter is not moot. Richardson filed a response, arguing, *inter alia*, that he "did not appeal from the denial of a records request, but from the [OOR's] determination that [PrimeCare] was not a 'local agency' under the Right-to-Know Law." Petitioner Response, ¶3. Richardson further stated that he "is willing to voluntarily withdraw his petition for review if [PrimeCare] releases the eyeglass policy into [his] physical custody." Petitioner Response, ¶6.

At the outset, we address the threshold question of whether this Court has jurisdiction to hear this appeal. "The issue of subject matter jurisdiction may be raised by the parties at any stage of the proceedings or by the court *sua sponte*." *Pennsylvania For Union Reform v. Centre County District Attorney's Office*, 139 A.3d 354, 356 (Pa. Cmwlth. 2016) (quoting *Greenberger v. Pennsylvania Insurance Department*, 39 A.3d 625, 629-30 n.5 (Pa. Cmwlth. 2012)).

Jurisdiction over a final determination of the OOR is conferred by Section 1301(a) of the Right-to-Know Law, which directs this Court to hear appeals of final determinations "relating to a decision of a Commonwealth agency, a legislative agency, or a judicial agency." 65 P.S. §67.1301(a). Final determinations "relating to a decision of a local agency," whether issued by OOR or designated appeals officers, shall first be appealed to "the court of common pleas for the county where the local agency is located." Section 1302(a) of the Right-to-Know Law, 65 P.S. §67.1302(a); *Pennsylvania For Union Reform*, 139 A.3d at 357.

Here, Richardson asserts that PrimeCare functions as a local agency because it contracts with the County to provide health care services to inmates at the County Prison. OOR dismissed Richardson's appeal, finding that PrimeCare is

3

not an agency subject to the Right-to-Know Law. Because neither the County nor PrimeCare is a Commonwealth agency, a legislative agency or judicial agency, this Court lacks jurisdiction over the instant appeal.

Section 5103(a) of the Judicial Code governs the process for handling improperly filed appeals; it provides in pertinent part:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, *the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth*, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth….

42 Pa. C.S. §5103(a) (emphasis added). *See also* PA. R.A.P. 751. Accordingly, we transfer the matter to the proper tribunal under Section 1302(a) of the Right-to-Know Law, 65 P.S. §67.1302(a), which is the Court of Common Pleas of Chester County.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David D. Richardson, :
     Petitioner :
           :
    v. : No. 1584 C.D. 2016
           :
PrimeCare Medical, Inc., :
     Respondent :

# **O R D E R**

   AND NOW, this 8th day of June, 2017, pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a), the above-captioned matter is TRANSFERRED to the Court of Common Pleas of Chester County for disposition in accordance with Section 1302(a) of the Right-to-Know Law, 65 P.S. §67.1302(a).

   Jurisdiction relinquished.

         _____
         MARY HANNAH LEAVITT, President Judge