# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, : 
                 Petitioner : 
                         : 
             v. :    No. 1051 C.D. 2019
                         :    Submitted: November 27, 2019
Hazleton City Police Department, : 
                Respondent : 

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                            **FILED: March 12, 2020**

Sean M. Donahue (Requester), pro se, petitions for review of a Final Determination of the Pennsylvania Office of Open Records (OOR) denying Requester's appeal under the Right-to-Know Law[1] (RTKL). Requester sought from the Hazleton City Police Department (Department) records relating to the Department's policies regarding the use of deadly force by police (Request), which was deemed denied. The OOR denied Requester's subsequent appeal. Because Requester's appeal of the OOR's Final Determination was not filed with a court of common pleas in accordance with Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a), we transfer this matter to the proper tribunal, the Court of Common Pleas of Luzerne County.

On July 5, 2019,[2] Requester sent an email to the Department's Police Chief, with the following Request:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] The Request was emailed after business hours on July 3, 2019. In the Final Determination, the OOR treats the Request as being filed on July 5, 2019, which was the next business day after the Request was sent.

RTK[L] Request I.  Please email to me copies of all documents in the possession of the [Department] that define the following?
(1) Actions could get a person shot by Hazleton police.
(2) Actions would get a person shot by Hazleton police.
(3) Actions by police that would render it legal for citizens to use lethal force against police.
(4) Actions by police [that] would obligate citizens to use lethal force against police.

RTK[L] Request II.  Please email me copies of all documents in the possession of the Hazleton Police that define whether or not it would be legal or illegal for citizens to use lethal force against Hazleton Police if the actions taken by police in [the] Lonmin Marikana massacre.

Below is the link to the video of the event.

https://youtu.be/d1IBAAH4SzA


III.  Please provide your personal answers to the above questions, ex RTK[L] . . . .


(Certified Record (C.R.) Item 1 at 3.)  The Department did not respond within five business days of receiving the Request and, therefore, it was deemed denied.  Section 901 of the RTKL, 65 P.S. § 67.901 ("If the agency fails to send the response within five business days of receipt of the written request for access, the written access shall be deemed denied.").

Requester filed his appeal with the OOR on July 15, 2019, asserting that the records are public because the use of lethal force by police against the public is a matter of public concern and it is crucial for the public to have access to policies governing the use of lethal force.  The Department responded with two affidavits: one from its Open Records Officer (Records Officer) and one from Police Chief. Both attested in the affidavits to the fact that a review of the requests demonstrated that the Request was overly vague, the Request was not submitted on the proper

request form, and Requester was asking questions rather than requesting documents.[3] (C.R. Item 3.) Records Officer attested that the City of Hazleton (City) did not possess any documents to fulfill the requests, and Police Chief attested that the Department operates within the federal and state law guidelines for criminal procedure. In its brief to the OOR, the Department argued that the appeal should be denied because the Request was not submitted on its Right-to-Know Form and the content of the Request was questions seeking a narrative response and/or legal research, not a request for documents. Requester responded that there is no requirement under the RTKL that a request be made on a specific form and, further, the Request was a clear request for copies of published policies.

Upon consideration, the OOR issued its Final Determination denying Requester's appeal and concluding the Department was not required to take any further action. The OOR determined that because the Department did not timely respond to the Request, it was not permitted to deny the Request solely because Requester did not use a specific form. (Final Determination at 5.) Nonetheless, the OOR concluded that Items I and II of the Request required the Department to conduct legal research by locating applicable laws governing use of force and applying them to hypothetical situations. (*Id.* at 5-6 (citing *Askew v. Pa. Office of the Governor*, 65 A.3d 989 (Pa. Cmwlth. 2013)).) Therefore, the OOR determined the Request was insufficiently specific and denied the appeal, explaining that "[t]his Final Determination is binding on all parties. Within thirty days of the mailing date

---

[3] Both Records Officer and Police Chief also attested that Requester submitted the Request to only Police Chief, not Records Officer, and this improper request could not be timely processed because it was not received by Records Officer until Requester's appeal to the OOR. However, as evidenced by the certified record and noted by the OOR in the Final Determination, Records Officer later stated in correspondence with the OOR during the pendency of Requester's appeal that she did receive the Request on July 5, 2019. (C.R. Item 7; Final Determination at 2 n.1.) Accordingly, the OOR did not consider this argument.

of this Final Determination, any party may appeal **to the Luzerne County Court of Common Pleas.** 65 P.S. § 67.1302(a)." (Final Determination at 6 (emphasis added).) Requester appealed to this Court, rather than to the common pleas court.

On appeal, Requester argues that the OOR erred in denying the appeal, citing to deposition testimony from a federal court case in which a Department chief testified that written use of force policies exist. Requester recounts alleged use of force by the Department and asserts that there is a public interest in allowing citizens access to records regarding use of force by police officers. Requester contends the Department is in possession of the records he seeks and asks this Court "to order the immediate release of all records responsive to the . . . Request."[4] (Requester's Brief (Br.) at 35.)

The Department responds that this Court does not have jurisdiction to hear this appeal, as Requester was required to file his appeal with the Court of Common Pleas of Luzerne County pursuant to Section 1302(a) of the RTKL. The Department further contends that the OOR properly denied Requester's appeal because the Request was "clearly either a question, a statement seeking a narrative response, or a request for legal research." (Department's Br. at 7.)

Requester replies that this Court has jurisdiction because Section 763 of the Judicial Code, 42 Pa.C.S. § 763, governing this Court's jurisdiction over appeals from final orders of government agencies, does not include the OOR. Therefore, he asserts we are not excluded from ruling directly on such appeals, even if they involve local agencies. Further, Requester contends that Section 1302(a) of the RTKL does not give courts of common pleas "exclusive jurisdiction" over the OOR appeals

---

[4] To the extent that Requester appends any additional documents to his brief or reply brief that are not part of the certified record, we will not consider them. *Township of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d 467, 472 (Pa. Cmwlth. 2018).

4

involving local agencies. (Requester's Reply Br. at 2.) Therefore, considering both of these provisions, Requester argues that this Court is not excluded from hearing an RTKL appeal directly from the OOR when it involves a local agency. Requester further replies that the Request is clear and concise regarding the copies of policies that he seeks and reiterates that the information he seeks to have disclosed is of serious public importance.

Under the RTKL, individuals may make requests for documents from local, Commonwealth, legislative, and judicial agencies. The Department is a "local . . . municipal agency," and, therefore, is a local agency for purposes of the RTKL. Section 102 of the RTKL, 65 P.S. § 67.102. Appeals from decisions of the OOR are filed in different courts depending upon with which agency the initial request was filed. When the final determination before the OOR relates to a decision of a Commonwealth, legislative, or judicial agency, the appeal must be filed with this Court. Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a). However, when the OOR's final determination involves a local agency, pursuant to Section 1302(a) of the RTKL,

> [w]ithin 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a local agency issued under Section 1101(b) . . . , a requester or local agency may file a petition for review or other document as required by rule of court **with the court of common pleas for the county where the agency is located**. The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision.

65 P.S. § 67.1302(a) (emphasis added). Therefore, as set forth by the RTKL and reiterated in the Final Determination, Requester's present appeal should have been filed with the Court of Common Pleas of Luzerne County.

5

Requester contends that because Section 1302(a) of the RTKL does not give courts of common pleas **exclusive** jurisdiction over appeals from final determinations involving local agencies, this Court can exercise its jurisdiction over the appeal. We disagree. As this Court explained in *Pennsylvanians for Union Reform v. Centre County District Attorney's Office*, where a party appeals "a final determination issued pursuant to the RTKL . . . our jurisdiction is conferred by statute." 139 A.3d 354, 356 (Pa. Cmwlth. 2016). There, the requesters sought documents from the county district attorney's office, a local agency under the RTKL. After receiving a final determination from an appeals officer,[5] the requesters filed a petition for review of the final determination with this Court. Citing to the statutory authority for our jurisdiction under the RTKL, 65 P.S. §§ 67.1301(a), 67.1302(a), we reasoned "[t]his Court does not hear appeals of final determinations issued by local agencies until **after** those appeals are heard by the proper court of common pleas." *Pennsylvanians for Uniom Reform*, 139 A.3d at 356 (emphasis added). Because that appeal involved a local agency, the district attorney's office, we concluded the "appeal was not properly filed in this Court," *id.*, and transferred the matter to the appropriate court of common pleas. Here, Requester's appeal from the Final Determination also involves a local agency, and we lack jurisdiction until it is "heard by the proper court of common pleas." *Id.*

---

[5] We note that the final determination appealed in *Pennsylvanians for Union Reform* was issued by an appeals officer for the county district attorney's office rather than the OOR, which issued the Final Determination here. This distinction does not alter our analysis, as Section 503(a) of the RTKL sets forth that the OOR shall designate appeals officers for appeals from local and commonwealth agencies, whereas Section 503(d)(2) provides that county district attorneys shall designate their own appeals officers. 65 P.S. § 67.503(a), (d)(2). Regardless of which type of appeals officer hears the initial appeal, any subsequent appeal must be filed with a court of common pleas pursuant to Section 1302(a).

Requester further argues that we have jurisdiction because Section 763 of the Judicial Code, setting forth this Court's jurisdiction over direct appeals from government agencies, does not include appeals from the OOR. Section 763(a) provides:

> **(a) General Rule.--**Except as provided in subsection (c), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:
>
> (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise and including appeals from the Board of Claims, the Environmental Hearing Board, the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any other Commonwealth agency having statewide jurisdiction.
>
> (2) All appeals jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.

42 Pa.C.S. § 763(a). Requester is correct that Section 763(a) does not include appeals from the OOR. However, we find no support for Requester's assertion that the absence of the OOR from Section 763(a) permits us to rule upon an appeal from the OOR involving a local agency. This is particularly the case where, as we explained in *Pennsylvanians for Union Reform*, our jurisdiction here derives from the RTKL statutory provisions. 139 A.3d at 356. Therefore, the absence of the OOR from the agencies listed in Section 763(a) of the Judicial Code does not allow us to exercise our jurisdiction in this case where the proper appellate jurisdiction is set forth by statute in the RTKL and is with the courts of common pleas.

Because Requester's appeal of this Final Determination involving a local agency was to be filed in the Court of Common Pleas of Luzerne County, we have

7

no jurisdiction over Requester's appeal pursuant to Section 1302(a) of the RTKL. Accordingly, we transfer this matter, pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a),[6] to the Court of Common Pleas of Luzerne County for appropriate disposition.

---

[6] Section 5103(a) provides, in relevant part:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.

42 Pa.C.S. § 5103(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,          :
          Petitioner       :
                            :
          v.             :    No. 1051 C.D. 2019
                            :
Hazelton City Police Department,  :
          Respondent   :

**PER CURIAM**                 **O R D E R**

      **NOW**, March 12, 2020, pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), this matter is **TRANSFERRED** to the Court of Common Pleas of Luzerne County for disposition in accordance with Section 1302(a) of the Right-to-Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. § 67.1302(a).