# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ioannis Kyziridis,                 :
           Appellant      :
                        :
          v.               :
                        :
Office of the Northampton County  :   No. 1134 C.D. 2022
District Attorney            :   Argued:  December 4, 2023

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION BY
JUDGE COVEY                        FILED:  January 8, 2024

Ioannis Kyziridis (Requester) appeals from the Northampton County (County) Common Pleas Court's (trial court) June 23, 2022 order (Decision) that denied Requester's Right-to-Know Law[1] (RTKL) request.  Requester presents two issues for this Court's review: (1) whether the trial court erred when it ruled that the requested document is exempt from disclosure as a record of an agency relating to or resulting in a criminal investigation; and (2) whether this Court should hold a hearing to accept additional evidence regarding whether the requested document is such a record.  After review, this Court affirms.

Requester is engaged in civil proceedings with his estranged wife, Panagiota Emmanouilidou (Wife).  On April 13, 2022, Requester submitted a written request to the County District Attorney's Office (Appellee) pursuant to the RTKL for "any and all written and electronic communications from [Wife] to [Appellee] and District Attorney Terry Houck [(DA Houck)] during the previous twenty-four (24) months [(Request)]."  Reproduced Record (R.R.) at 5a-6a.  Therein, Requester

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

asserted that he sought a letter Wife submitted to Appellee which alleged a conflict between Appellee and Requester's then civil attorney, Richard Pepper, Esquire (Attorney Pepper), who also worked for Appellee, and which ultimately caused Attorney Pepper to withdraw his representation of Requester.

On August 11, 2022, Appellee determined that it had one document in its possession satisfying the Request (Subject Document), but denied the Request because the Subject Document was exempt from disclosure under Section 708(b)(16)(i), (ii), and (vi) of the RTKL, 65 P.S. § 67.708(b)(16)(i), (ii), and (vi), as an agency record relating to or resulting in a criminal investigation.[2]

---

[2] Section 708(b)(16) of the RTKL provides, in relevant part:

> A record . . . relating to or resulting in a criminal investigation include[s]:
>
> > (i) Complaints of potential criminal conduct other than a private criminal complaint.
> >
> > (ii) Investigative materials, notes, correspondence, videos and reports.
> >
> > (iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.
> >
> > (iv) A record that includes information made confidential by law or court order.
> >
> > (v) Victim information, including any information that would jeopardize the safety of the victim.
> >
> > (vi) A record that, if disclosed, would do any of the following:
> >
> > > (A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.
> > >
> > > (B) Deprive a person of the right to a fair trial or an impartial adjudication.

On May 10, 2022, Requester appealed to the trial court pursuant to Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a).[3]  On June 21, 2022, the trial court conducted an *in camera* review of the Subject Document.  On June 23, 2022, the trial court issued its Decision, concluding the Subject Document "is exempt from disclosure . . . as a record of an agency relating to or resulting in a criminal investigation[,]" and finding the following:

> (a) The Subject Document is a []1[-]page letter dated March 3, 2021[,] addressed to [DA] Houck.
>
> (b) The Subject Document is authored by a victim in a criminal prosecution that was pending at that time.
>
> (c) The criminal prosecution was before the [trial court] on a summary appeal from the [Magisterial District Judge] and was being prosecuted by [Appellee].
>
> (d) The [Subject Document] specifically relates to the pending prosecution.

---

> (C) Impair the ability to locate a defendant or codefendant.
>
> (D) Hinder an agency's ability to secure an arrest, prosecution or conviction.
>
> (E) Endanger the life or physical safety of an individual.

65 P.S. § 67.708(b)(16).

[3] Requester argued to the trial court and asserts in his brief to this Court:

> [Requester] believes, based upon communications with [Wife], that the [S]ubject [Document]'s actual scrivener is a [] County [Magisterial District Judge].  [Requester] avers that [Wife] is using the "criminal investigation" exception to the RTKL as a prophylactic shield to improperly restrict the production of an incriminating but relevant piece of evidence.  [Requester] will utilize the [S]ubject [Document] in ongoing and, potentially, future civil proceedings, and it constitutes evidence relevant to a multitude of claims against multiple third parties (not including [Wife]).

Requester Amended Br. at 4-5.

3

R.R. at 2a-3a. Requester appealed to this Court.

Preliminarily, the parties dispute this Court's standard of review.[4]

---

[4] Pertaining to **this Court's** scope and standard of review, Requester asserts:

> Regarding the proper scope of review under the RTKL, "[t]he decision of the [Commonwealth Court] shall contain findings of fact and conclusions of law based upon the evidence as a whole." [Section 1301(a) of the RTKL,] 65 P.S. § 67.1301(a). The Commonwealth Court's scope of review for a question of law under the RTKL is plenary. The [Commonwealth] Court must "make an independent review of the evidence and can substitute its fact for that of the agency." [] *E*[.] *Stroudsburg Univ*[.] *Found*[.] *v. Off*[.] *of Open Rec*[*s.*], 995 A.2d 496, 501, n.10 (Pa. [Cmwlth.] 2010). The [Commonwealth] Court should "apply the broadest scope of review" and "can accept additional evidence and make its own factual findings." *Dep*[*'t*] *of Conservation* [*&*] *Nat*[.] *Res*[.] *v. Off*[.] *of Open Rec*[*s.*], 1 A.3d 929, 936 (Pa. [Cmwlth.] 2010).

> Concerning the standard of review of the determination of an agency of the Commonwealth, "a reviewing court, in its appellate jurisdiction, independently reviews the [agency]'s orders and may substitute its own findings of fact for that of the agency.["] *Bowling v. Off*[.] *of Open Rec*[*s.*], 990 A.2d 813, 818 (Pa. [Cmwlth]. 2010)[, *aff'd*, 75 A.3d 453 (Pa. 2013)].

Requester Amended Br. at 1-2 (citation omitted).

> Appellee rejoins:

> Contrary to [Requester's] Statement, this Court's review is not governed by [Section 1301 of the RTKL], because this Court stands in review not of the decision of an appeals officer relating to a decision of a judicial agency, but as an appellate [c]ourt reviewing the decision of the [trial court].

> "The scope of review *for a question of law* under the [RTKL] is plenary." *Ali v. Phila*[.] *City Planning Comm'n*, 125 A.3d 92[, 94 n/2] (Pa. [Cmwlth.] 2015) [(]emphasis added[)] [(quoting] *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n.4 (Pa. [Cmwlth.] 2010)). The standard of review is abuse of discretion. *Ali*, [125 A.3d] at 94.

> This Court's review is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its

4

Initially,

> [t]he RTKL is a statute that grants citizens, in certain specified circumstances, the right to obtain public records from government agencies, "in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Bowling v. Off*[.] *of Open Rec*[*s.*], 990 A.2d 813, 824 (Pa. Cmwlth. 2010) (*en banc*), [*aff'd*, 75 A.3d 453 (Pa. 2013)]. If an individual requests a public record and a government agency denied the request, the individual can appeal the decision to the trial court or the OOR and then to this Court. *See* Sections 1101, 1301[,] and 1302 of the RTKL, 65 P.S. §§ 67.1101, 1301, and 1302.

*Foster v. Pa. Dep't of Corr.*, 159 A.3d 1020, 1022 (Pa. Cmwlth. 2017) (quoting *Whitaker v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 1781 C.D. 2012, filed Mar. 8, 2013)), slip op. at 3.[5]

> Pursuant to Section 1301(a) of the RTKL, this Court hears appeals of final determinations issued by Commonwealth agencies, legislative agencies, and judicial agencies. This Court does not hear appeals of final determinations issued by local agencies until after those appeals are heard by the proper court of common pleas. Section 1302(a) of RTKL, 65 P.S. § 67.1302(a).
>
> . . . . [Appellee] is not a judicial agency. Rather, [**Appellee**] **is a local agency**. **Appeals from final determinations issued by an appeals officer designated by a district attorney are reviewed by the county courts of common pleas**.

*Pennsylvanians for Union Reform v. Ctr. Cnty. Dist. Att'ys Off.*, 139 A.3d 354, 356 (Pa. Cmwlth. 2016) (emphasis added; citation omitted).

---

decision." *Id*. ([quoting] *Piasecki v. Dep't of Transp., Bureau of Driver Licensing*, 6 A.3d 1067, 1070 n.7 (Pa. [Cmwlth.] 2010)).

Appellee Br. at 1 (footnote omitted).

[5] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported memorandum opinions referenced herein are cited for their persuasive authority.

[A] requester seeking review of a final determination by a designated appeals officer appointed by a district attorney's office is entitled to judicial review by the appropriate court of common pleas under Section 1302 of the RTKL, 65 P.S. § 67.1302. **In such circumstances, the trial court, as here, is charged with the duty to render its own findings of fact and conclusions of law,**[6] **and this Court in addressing such an appeal,**[7] **exercises a standard of review limited to considering whether the trial court erred as a matter of law or abused its discretion by rendering findings of fact that are not supported by substantial evidence.**[8]

*Sporish v. Springfield Twp*. (Pa. Cmwlth. No. 421 C.D. 2014, filed Aug. 27, 2014), slip op. at 5 n.3 (emphasis added). Thus, this Court must consider whether the trial court erred as a matter of law or abused its discretion by making factual findings unsupported by substantial evidence.

Requester contends that the Subject Document is not exempt under the RTKL, notwithstanding the trial court's Decision. In considering Requester's appeal,

---

[6] [T]he trial court's scope of review, sitting as a Chapter 13 court, is as the ultimate finder of fact able to conduct full *de novo* review of appeals from decisions made by RTKL appeals officers. *Bowling v. Off*[.] *of Open Rec*[*s.*], 75 A.3d 453, 474 (Pa. 2013). Indeed, because the Chapter 13 courts serve as fact-finders, it follows that these courts must be able to expand the record. *Id*.

*Gordon v. Selinsgrove Borough* (Pa. Cmwlth. No. 866 C.D. 2019, filed June 4, 2020), slip op. at 8-9 (footnotes omitted).

[7] "This Court maintains exclusive jurisdiction of appeals from final orders of the trial court in RTKL matters. Section 762(a)(3) of the Judicial Code, 42 Pa.C.S. § 762(a)(3)." *Souffrant v. Lancaster Cnty. Dist. Attys. Off.* (Pa. Cmwlth. No. 401 C.D. 2018, filed Apr. 24, 2020), slip op. at 5 n.8.

[8] *See also City of Harrisburg v. Prince*, 288 A.3d 559, 567 n.7 (Pa. Cmwlth. 2023) (quoting *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019) (internal quotations and citations omitted) ("When reviewing an order of a trial court regarding the RTKL, we must determine whether the 'findings of fact are supported by competent evidence or whether the trial court committed an error of law[] or an abuse of discretion in reaching its decision.'")).

this Court acknowledges that "the [RTKL] is remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions[.]" *Bowling*[], 990 A.2d [at] 824 . . . . "[T]he enactment of the RTKL . . . was a dramatic expansion of the public's access to government documents." *Levy v. Senate of Pa.*, . . . 65 A.3d 361, 381 ([Pa.] 2013). . . .

"Under the RTKL, records in possession of an agency are presumed public unless they are: (1) exempt under Section 708 of the RTKL; (2) protected by privilege; or[] (3) exempt 'under any other [f]ederal or [s]tate law or regulation or judicial order or decree.'" *Pa. State Police v. Kim*, 150 A.3d 155, 157 (Pa. Cmwlth. 2016) (quoting Section 305 of the RTKL, 65 P.S. § 67.305). If "the requested information is exempt under Section 708(b) [of the RTKL], the information is not a 'public record' and is exempt from disclosure in its entirety." *Dep't of Lab*[.] *& Indus. v. Simpson*, 151 A.3d 678, 684 (Pa. Cmwlth. 2016). Accordingly, exemptions must be narrowly construed, and the agency claiming the exemption bears the burden of proof by a preponderance of the evidence. *See* 65 P.S. § 67.708(a); *see also* [*Dist. Attorney of Phila. v. Bagwell*, 155 A.3d 1119 (Pa. Cmwlth. 2017)]; *Pa. Off*[.] *of Inspector Gen. v. Brown*, 152 A.3d 369 (Pa. Cmwlth. 2016); *Simpson*.

*Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 179-80 (Pa. Cmwlth. 2019)

(footnote omitted).

Section 708(b)(16) and (17) of the RTKL exempt[s] from disclosure records which "relat[e] to or result[] in a criminal investigation" and which "relat[e] to a noncriminal investigation," respectively. 65 P.S. § 67.708(b)(16), (17). Further, "record[s are] not considered [] public record[s] under Section 102 of the RTKL[, 65 P.S. § 67.102,] if [they are] 'exempt under any other [s]tate or [f]ederal [l]aw,' including [ the Criminal History Record Information Act[9]] [(]CHRIA[)]." *Barros v. Martin*, 92 A.3d 1243, 1250 (Pa. Cmwlth. 2014).

---

[9] 18 Pa.C.S §§ 9101-9183.

> CHRIA prevents the disclosure of 'investigative information' to the public. 18 Pa.C.S. § 9106(c)(4). CHRIA defines 'investigative information' as: 'Information assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information.' 18 Pa.C.S. § 9102.
>
> *Pa. State Police v. Grove*, . . . 161 A.3d 877, 895 ([Pa.] 2017) [].
>
> However, "records connected to a criminal proceeding are '**not automatically exempt**' as investigative records." *Kim*, 150 A.3d at 158 (emphasis added).

*Suber-Aponte*, 202 A.3d at 184-85.

"Whether a record is exempt from disclosure is [] a factual question[.]" *Pa. State Police v. Am. C. L. Union of Pa.*, 300 A.3d 386, 395 n.72 (Pa. 2023). This Court has emphasized: "It is beyond peradventure that the trial court, sitting as the fact-finder, is free to believe all, part[,] or none of the evidence, to make all credibility determinations, and to resolve all conflicts in the evidence." *Laurel Rd. Homeowners Ass'n, Inc. v. Freas*, 191 A.3d 938, 952 (Pa. Cmwlth. 2018).

Citing *Miller v. County of Centre*, 135 A.3d 233 (Pa. Cmwlth. 2016), Requester asserts that "Appellee failed to provide any evidence as to how the [S]ubject [Document] fits under this exception to the RTKL or is exempt per CHRIA." Requester Amended Br. at 8. In *Miller*, the county common pleas court granted the district attorney's office an injunction barring the county from responding to RTKL requests for emails or letters related to the district attorney. In reviewing the trial court's grant of injunctive relief, this Court observed:

> The [district attorney's] justification for protecting all correspondence from disclosure is CHRIA. Applicability of that defense presumes the records contain criminal investigative material. **Without any evidence**, the [district attorney] asserts, "most if not all correspondence

8

> with the [district attorney's] [o]ffice would likely be subject to CHRIA." [*Miller*] [a]ppellee's Br. at 47. **The trial court made no findings in that regard**.

*Id*. at 239 (emphasis added). Based thereon, this Court concluded that it was "unable to uphold the trial court's injunction on such unsubstantiated assertions. Such an injunction that bars disclosure without regard to subject matter is overbroad." *Id*.

Here, the trial court, in its role as the reviewing court and fact-finder, **conducted an *in camera* review of the Subject Document** to determine if it was protected from disclosure. Unlike *Miller*, here, based on its review and the Subject Document's contents, **the trial court made factual findings** and concluded that the Subject Document "is exempt from disclosure pursuant to [Section ]708(b)(16) [of the RTKL] as a record of an agency relating to or resulting in a criminal investigation." R.R. at 3a. "This Court . . . cannot upset the trial court's credibility determinations or reweigh the evidence to reach a finding contrary to the trial court." *Freas*, 191 A.3d at 952. Rather, this Court must determine whether substantial evidence supports the trial court's decision.[10]

This Court has examined the Subject Document and concludes, based on the Subject Document's contents, that substantial evidence supports the trial court's factual findings that the Subject Document is of the type described in Section 708(b)(16) of the RTKL, and, therefore, the trial court properly denied Requester's Request.[11]

---

[10] With respect to Requester's second argument, Requester has not cited any authority permitting an **appellate court** (reviewing the decision of a reviewing court in a RTKL matter) to accept additional evidence. Here, the trial court considered Appellee's RTKL denial as the reviewing court. This Court reviews the trial court's decision in its appellate capacity. In that capacity, it may not hold a hearing to consider additional evidence. Thus, Requester's argument fails.

[11] This Court does not discuss the Subject Document's contents given the sensitive nature of the information contained therein.

9

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ioannis Kyziridis,
          Appellant

        v.

Office of the Northampton County
District Attorney

:
:
:
:
:
:
:   No. 1134 C.D. 2022
:

## O R D E R

AND NOW, this 8th day of January, 2024, the Northampton County Common Pleas Court's June 23, 2022 order is affirmed.

_____

ANNE E. COVEY, Judge